IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| STEPHEN EARL DAVIS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:17cv73 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OVERRULING OBJECTIONS AND ACCEPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Stephen Earl Davis, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for possession of a controlled substance for which he received a 12 sentence of imprisonment.

The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asserts the following grounds for review: (1) his plea of guilty was involuntary; (2) his indictment was defective and (3) he received ineffective assistance of counsel because counsel: (a) waived a pre-sentence investigation; (b) failed to investigate the defective indictment and enhancements and attempt to have them suppressed; (c) failed to investigate petitioner's mental state; (4) allowed petitioner to receive a sentence in excess of the statutory maximum and (6) forced petitioner to plead guilty. The Magistrate Judge analyzed each ground for review under the applicable legal standard and concluded each ground for review was without merit.

### *First Objection*

In his first objection, petitioner complains that the Texas Court of Criminal Appeals only gave the state habeas trial court 90 days to conduct an evidentiary investigation, which did not provide him with sufficient time to present his side of the story and introduce evidence. However, this assertion does not provide petitioner with a basis for relief in this proceeding because infirmities in state habeas proceedings do not provide a basis for federal habeas relief. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

In addition, petitioner contends that as the state habeas court did not conduct an evidentiary hearing, its findings of fact are not entitled to the presumption of correctness set forth in 28 U.S.C. § 2254(e). However, the United States Court of Appeals for the Fifth Circuit has upheld the validity of Texas courts' use of "paper hearings" in post-conviction habeas proceedings. *Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997). The burden to rebut the presumption of correctness remains on the petitioner even if the state proceeding was a "paper hearing" and may not have been full and fair. *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004).

### *Second Objection*

Petitioner contends his guilty plea was involuntary because he was not mentally competent to enter it. He asserts he had recently been admitted to mental hospitals twice, prescribed psychotropic medication and was hearing voices in his head.

A defendant is mentally competent to enter a plea of guilty only if he has the ability to rationally consult with his attorney and an understanding of the proceedings. *Dusky v. Johnson*, 162 F.3d 302, 306 (5th Cir. 1998). A guilty plea is considered voluntary so long as the defendant understood the charge against him, knew the maximum sentence he could receive and was not coerced into pleading guilty. *United States v. Garcia*, 983 F.2d 626, 627-28 (5th Cir. 1993).

The Magistrate Judge concluded this ground for review was without merit because documents in the record stated petitioner was informed of the charge against him and the maximum punishment he could receive. Further, the Judgment signed by the court stated petitioner entered his

plea voluntarily and freely. In addition, the Magistrate Judge found there was nothing in the record indicating the trial court had any reason to believe either that the plea of guilty was involuntary or that petitioner was not mentally competent. As a result, the Magistrate Judge concluded the trial court did not err in accepting petitioner's plea.

In his objections, petitioner states again that he was on pyschotropic medication during the proceedings. He also contends the documents cited by the Magistrate Judge incorrectly described his mental state.

Even if petitioner's assertions were true, he would still not be entitled to relief. Petitioner does not state he informed the court he was taking medication or had concerns about his mental state. He has not set forth any facts which would have given the trial court any reason to suspect he was not mentally competent. Nor does he state he informed the court he did not understand the charge against him or was being coerced to plead guilty. Accordingly, petitioner has not demonstrated the trial court committed error in accepting his plea of guilty.

### *Third Objection*

In his third objection, petitioner contends for the first time that the prosecution had actual and constructive knowledge of petitioner's mental health problems at the time he entered his guilty plea. As evidence of this, petitioner cites a paragraph in the Original Answer filed in connection with petitioner's state habeas proceeding which he states demonstrates the prosecution had knowledge of his mental health. However, the paragraph cited by petitioner does not state this. Instead, the paragraph states petitioner filed a document in connection with his habeas proceeding suggesting he had some mental health issues. Its does not state the prosecution was aware of this document at the time the guilty plea was entered. This objection is therefore without merit.

### *Fourth Objection*

Petitioner contends counsel erred by waiving the preparation of a pre-sentence investigation report. The Magistrate Judge concluded that as both sides had agreed to a 12 year sentence, petitioner had not demonstrated he suffered prejudice based on such waiver.

In his objections, petitioner contends a pre-sentence investigation might have brought his mental health history to light. However, in light of the agreement between the parties as to petitioner's sentence, there is not a reasonable probability petitioner would have received a lesser sentence following a pre-sentence investigation. This ground for review is accordingly without merit.

### *Fifth Objection*

In his fifth objection, petitioner states counsel should have conducted an investigation into his mental condition. He states that even though he told counsel he was mentally ill, had taken drugs so he would not hear voices in his head, and had recently been admitted to mental hospitals twice for hearing voices, counsel failed to conduct any investigation regarding his mental state, obtain his medical records or consult with his physicians.

As the Magistrate Judge stated, counsel submitted an affidavit stating petitioner did not tell him anything that would make him doubt petitioner's competency. Specifically, counsel stated petitioner did not tell him he had heard voices or had been hospitalized to obtain mental health treatment. In denying relief with respect to this ground for review, the Court of Criminal Appeals implicitly found counsel's affidavit more credible than petitioner's statements. The Magistrate Judge correctly concluded petitioner failed to demonstrate by clear and convincing evidence that this credibility determination was unreasonable based on the evidence before the court. As a result, petitioner's objection on this point it without merit.

### *Sixth Objection*

Petitioner was indicted for a state jail felony, which normally carries a maximum sentence of two years imprisonment. Under Texas law, a state jail felony is increased to a second-degree felony if a defendant has two prior felony conviction. A second-degree felony permits a maximum sentence of 20 years of imprisonment. Petitioner's indictment listed two prior felony convictions, but listed them out of order. However, the prosecution subsequently filed a Notice of Enhancement listing the convictions in the proper order. Petitioner contended counsel was ineffective for not

4

challenging the deficiency in the indictment and allowing him to be sentenced to what he contends is a term of imprisonment in excess of the statutory maximum. The Magistrate Judge concluded that as the Notice of Enhancement corrected the deficiency in the indictment, counsel's failure to object to the indictment did not fall below an objective standard of reasonableness or result in prejudice.

In his objections, petitioner continues to assert that his indictment was deficient because it listed his prior convictions out of order. However, the Magistrate Judge correctly found this deficiency was cured by the Notice of Enhancement. As a result, this ground for review is without merit.

## ORDER

For the reasons set forth above, petitioner's objections are without merit and are therefore **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED.** A final judgment shall be entered denying the petition in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability in this matter. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues he raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is meritorious is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED March 21, 2020.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Ron Clark, Senior District Judge